POLLY BUTTON, vs. JOHN MITCHELL, MARY E. BROWN, ISABEL BROWN AND ROSA L. BROWN.

A bill in chancery, under the Statute, to quit title, should set forth what the adverse title is that it seeks to have released. The cloud should be made apparent and so pointed out that the Court can see the necessity of its interposition. The mere statement that the defendant "sets up" an adverse claim or title is not enough.

This Court will not interfere to restrain the commencement of a suit at law to try the title unless something is made apparent that requires the aid of the Court and that which a jury could not determine. The suit at law is the proper remedy and if about to bring it, the party is not to be stopped. His delay would be a better cause for asking the aid of Chancery.

A doubtful construction of the granting clause in a will or deed does not constitute a cloud requiring the aid of this Court to dispel

R. P. & J. B. Eldridge, Solicitors for Complainant.

Hubbard & Crocker, Solicitors for Defendants.

Case Submitted on demurrer to bill, October 10th, 1870.

The bill states that one Joseph Mitchell, in his life-time was seized of the S. E. quarter of N. E. quarter of Sec. 30, T. 2 N., R. 13 E.

On the 31st of May, 1836, he made a will by which he bequeathed this land to his wife Emily, as follows: "I give and bequeathe to my beloved wife, Emily Mitchell, and her heirs if any there be, at my decease," the land described. Some time in the year 1848, Joseph Micthell died, seized of the land, leaving his widow, Emily Mitchell and John Mitchell, Emily Mitchell and Harriet E. Mitchell his children, and heirs at law.

The will was proved and administration thereof committed to Emily Wixon, formerly Emily Mitchell. Nov. 10th, 1868, complainant is informed and believes that by the will, Joseph Mitchell gave the land to Emily Wixon, late Emily Mitchell, and that on his decease, she became seized of the same in fee simple. And complainant believing said Emily had full right to sell the same, bought it and received a deed of the land, giving a mortgage back," and she thereupon avers that she is the legal owner of the land, and is in its actual possession and occupation.

The bill then states that the defendant, John Mitchell, claims and sets up that he is the lawful owner of, and has the legal title to, an undivided one-fourth, and gives out and declares that he intends to institute legal proceedings for the recovery of his pretended interest and title, in some court of competent jurisdiction, and will do so unless restrained by the timely interposition of this Court, as therein-after prayed,—that the other defendants, minors and children of Harriet E. Brown, (supposed to be Harriet E. Mitchell, one of the daughters of Joseph Mitchel, but not so stated in the bill) lately deceased, set up and claim that as heirs of Harriet E. Brown, they are the lawful owners of another fourth of the land. That these claims are mere pretences and are contrary to equity and good conscience, and complainant entered into the actual possession of the land on receiving her deed, and still remains in actual possession and therefore cannot bring ejectment. The three minors named, are under ten years of age, ranging from two to seven years.

The bill prays that the complainant's title may be settled and established, that the defendants severally release all claims and for a perpetual injunction restraining them from commencing or prosecuting any suit at law for the recovery of the premises.

*By the Court*, MITCHELL, J :—The most important question raised by the demurrer, is whether the alleged adverse claims are sufficiently set forth. The bill does not state under what title or supposed right any of the defendants claim, except that the minors claim as heirs of Harriet E. Brown.

So far as the bill shows, the supposed cloud is a mere naked assertion of claim, without any foundation whatever. It does not show that John Mitchell claims as heir of Joseph Mitchell, nor in any manner allude to the nature of the claim he sets up. The other defendants are stated to claim as heirs of Harriet E. Brown, but what claim she had is not stated.

I think this is not enough—there must be something stated to show to the Court that there is a claim that in some way constitutes a cloud. A mere claim without foundation, cannot constitute a cloud requiring the aid of this Court to dispel. The adverse cloud should be so pointed out and described as to inform the Court of the necessity of its interposition.

" In order to justify the interposition of a court of equity to remove a cloud from a title, the cloud must be apparantly good against the title for which the relief is sought." *Gamble vs. Loop*, 14 *Wisconsin*, 465.

But for aught that appears in the bill, the defendants may have the true legal title, and in that case a court of equity ought not to interfere to prevent its operation in a court of law, and so deny the parties the right of trial by a jury.

" Where there is an outstanding legal title adverse to the actual possession, courts of equity only interfere when the adverse claimant neglects or refuses to proceed at law to have the title determined."

The bill states that John Mitchell not only sets up his claim but intends to and will sue at once to determine the title unless restrained &c.

In *Stockton vs. Williams, Walker's Chancery Report*, 126, Chancellor Manning said " The object of the statute(Laws of 1840. the same as Sec. 3490 of *Comp'd Laws*,) seems to be to enable a person in possession of real estate and having a title thereto, to remove all doubts in regard to his title arising from the claims of third persons, who are taking no steps to test the validity of their claim, either in law or equity, and who by their refusal or neglect to institute proceedings for that purpose, keep the party in possession in a state of suspense.

This is the extent, I think to which the Court should go under the statute.

In *Moran vs. Palmer*, 13 *Mich.*, 370, Judge Cooley, in giving the opinion of the Court, says; "The claimant of a legal title has a right to have the facts upon which his claim is based, submitted to a jury, and it is only when the remedy at law is inadequate, that resort can be had to equity. Nothing is better settled than that equity will not aid in clearing a title to land where complainant's remedy at law is complete."

These views of Chancellor Manning and of the Supreme Court, seem clearly to determine that it is not within the perview of the statute for this Court to entertain a bill to restrain a claimant from doing the very thing, the not doing of which, would be a good ground for relief and the exercise of equity jurisdiction.

The bill in this respect asks the Court to restrain a party from persuing his legal rights and doing what the courts always encourage, i. e., testing in the proper courts and before a jury, mere legal claims and rights, that do not involve any question of fraud or other matter that cannot most properly be settled in a court of law.

Upon the suposition that John Mitchell claims as the son and heir of Joseph Mitchell, this Court is called upon to interpret the granting clause in the will and to determine whether it conveyed an estate in fee to Emily Mitchell, or a limited, divided estate.

In considering this question, I think the Court bound by the same rules it would be in construing the granting clause in a deed. "A doubt as to the legal construction of a deed is not a cloud on a title that a Court of equity can be called upon to clear away.—*Brown vs. Austin*, 35 *Barb.*, 431.

The complainant in her bill says she is the legal owner, and so leaves no doubt for the Court, and nothing for the Court to do to make her title more perfect. A legal title would seem to be all that can be wanted, and she needs no aid to remove an imaginary cloud.

The bill however leaves an implied question, that is alluded to, as it may possibly aid in determining the necessity of further litigation.

John Mitchell and Harriet E. Brown are said to be children of Joseph Mitchell. If born before the will was made, they would have no rights to the land unless provided for in the will.

If born since the will was made, no provision having been made therein for them, they have, under the provisions of Sec. 2849, of Comp'd Laws, the same share in the estate of the testator as if he had died intestate, and in that case the will to the mother had no effect as to their shares or portions and the will would not be a good source of title against them, "unless it shall be apparent from the will that it was the intention of the testator, that no provision should be made" for them.

The demurrer is sustained with costs, with leave to complainant, if so advised, to amend in ten days from filing thereof. Otherwise, decree of dismissal.